IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 11-91-BMM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| MICHAEL RAY AIMS BACK, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Aims Back of violating his conditions of supervised release by (1) committing another crime, and (2) consuming alcohol. Mr. Aims Back admitted to the second allegation but exercised his Fifth Amendment right as to the first allegation. His supervised release should be revoked. He should be sentenced to custody until May 22, 2017, with no supervised release to follow.

## II. Status

United States District Judge Sam Haddon sentenced Mr. Aims Back to thirty-six months in custody, with thirty-six months of supervised release to follow, on March 27, 2012, after a he pleaded guilty to Assault Resulting in Serious Bodily

1

Injury. (Doc. 57.) He began his current term of supervised release on May 23, 2014

**Petition**

The United States Probation Office filed a Petition for Warrant for Offender Under Supervision on February 7, 2017, alleging that Mr. Aims Back violated the terms of his supervised release by (1) committing another crime, and (2) consuming alcohol. (Doc. 48.) United States District Judge Brian Morris issued a warrant for his arrest based on the allegations in the Petition. (Doc. 49.)

**Initial appearance**

Mr. Aims Back appeared before the undersigned on February 9, 2017, in Great Falls, Montana. Federal Defender Anthony Gallagher accompanied him. Assistant United States Attorney Jessica Betley represented the United States.

Mr. Aims Back said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Aims Back admitted to the second allegation but exercised his Fifth Amendment right as to the first allegation. The violation is serious and warrant revocation of his supervised release.

Mr. Aims Back's violation grade is Grade C, his criminal history category is

I, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months and could be ordered to remain on supervised release for thirty-six months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Gallagher recommended a sentence of three months or less, with no supervised release to follow. Mr. Aims Back exercised his right of allocution and stated that he has been working to pay back his restitution. Ms. Betley recommended a sentence at the low-end of the guideline, with no supervised release to follow.

### III. Analysis

Mr. Aims Back's supervised release should be revoked because he admitted violating its conditions. He should be sentenced to custody until May 22, 2017, with no supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV. Conclusion

Mr. Aims Back was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed

within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Michael Ray Aims Back violated the conditions of his supervised release by consuming alcohol.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Aims Back's supervised release and committing him to the custody of the United States Bureau of Prisons for until May 22, 2017, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 21st day of February 2017.

_____
John Johnston
United States Magistrate Judge